# NO. 12-22-00275-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFERY SCOTT GRIMES,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Jeffery Scott Grimes appeals the trial court's denial of his Motion for Postconviction Scientific Testing. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

<u>BACKGROUND</u>

In 2004, Appellant was convicted of aggravated sexual assault of a child and sentenced to imprisonment for fifty years. On September 22, 2021, he filed a Motion for Postconviction Scientific Testing in the trial court. Appellant also filed a Declaration of Movant in support of his motion. On October 4, 2021, the trial court sent an email to the Anderson County District Attorney's Office (the DA's office), by which it inquired about the existence of any evidence collected and whether there is any DNA that could be tested. The DA's office relayed the trial court's inquiry to the Anderson County Sheriff's Office's Evidence Custodian. On October 5, the Evidence Custodian responded that the Sheriff's Office had no physical evidence. The DA's office forwarded the Evidence Custodian's email to the trial court along with the response that the State has no physical evidence subject to DNA testing, there was no physical evidence admitted at Appellant's trial, and Appellant was convicted upon witness testimony, medical

records, and opinion testimony related to the medical records.  The trial court subsequently denied Appellant's motion, and this appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*.  Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  He further relates that he is well-acquainted with the facts in this case.  In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1]  We likewise have reviewed the record for reversible error and found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw.  *See also* *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits.  Having done so and finding no reversible error, we ***grant*** Appellant's counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se.  Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the Texas Court of

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record.  *See* *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  Appellant was given time to file his own brief.  The time for filing such a brief has expired and no pro se brief has been filed.

Criminal Appeals. *See* Tex. R. App. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman**,* 252 S.W.3d at 408 n.22.

Opinion delivered July 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2023**

**NO. 12-22-00275-CR**

**JEFFERY S. GRIMES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court
of Anderson County, Texas (Tr.Ct.No. 26796)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*